1    WO

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

9    James Brandon Strouse,                No. CV-16-00237-TUC-RCC (EJM)

10                Petitioner,              **REPORT AND**
                                          **RECOMMENDATION**
11   v.

12   J.T. Shartle,

13                Respondent.

15          Pending before the Court is a pro se Petition for a Writ of Habeas Corpus (Doc.

16   34) filed pursuant to 28 U.S.C. § 2241 by James Brandon Strouse ("Petitioner"), who is

17   confined in the United States Penitentiary in Tucson, Arizona ("USP-Tucson").

18          As an initial matter, the Court notes that the proper respondent in an action for

19   habeas corpus is the Petitioner's custodian. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*,

20   542 U.S. 426, 435–36 (2004). When Petitioner filed his first petition under § 2241, he

21   named "Joe Santana, DSCC" and "John Doe, Acting Director of Bureau of Prisons" as

22   the respondents. (Doc. 3). When Petitioner filed his amended petition (Doc. 34), he

23   properly named the Warden of USP-Tucson, J. T. Shartle, as the respondent.

24   Accordingly, the Court takes judicial notice that the case caption in this matter should be

25   amended to terminate "Joe Santana" and "John Doe" as respondents.

26          Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter

27   was referred to Magistrate Judge Markovich for a Report and Recommendation. For the

28   reasons discussed below, it is recommended that the District Court dismiss the petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2009, the United States District Court for the Eastern District of Texas sentenced Petitioner to a 120-month sentence for Possession of Sexually Explicit Visual Depictions of Minors in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 42 Ex. A at ¶ 3). On April 26, 2011, Petitioner was sentenced to a 46-month consecutive sentence for Retaliatory Threats Against a Government Official, in violation of 18 U.S.C. § 115, and Mailing Threatening Communications, in violation of 18 U.S.C. § 876. *Id.* Petitioner's aggregate 166-month sentence will expire on July 25, 2021 (assuming he receives good time credits). *Id.* at ¶¶ 3–4.

Petitioner arrived at USP-Tucson on April 25, 2014. *Id.* at ¶ 5. Petitioner asserts that he was under a 2-year management variable from April 1, 2014 to April 1, 2016. (Doc. 34 at 2). Petitioner had a custody classification review on April 1, 2016. (Doc. 42 at 6; Ex. A ¶ 16). Petitioner's custody classification score was calculated at 12 points, which would place him at a low-security institution. *Id.* BOP staff prepared a transfer request to determine whether it was appropriate to transfer Petitioner to a lower security institution. *Id.* This request was approved by the Complex Warden and sent to the Designation and Sentence Computation Center ("DSCC") for review. *Id.* The DSCC Administrator denied the transfer and determined that a transfer was not warranted due to Petitioner's Public Safety Factors of Sex Offender and Threats to Government Officials. *Id.*

Petitioner filed the instant § 2241 petition on July 25, 2016 raising three grounds for relief. (Doc. 34). In Ground One, Petitioner alleges that the Bureau of Prisons ("BOP") violated his due process rights under the Administrative Procedures Act ("APA") by placing a second Management Variable on him "without reason," which affects his custody classification. In Ground Two, Petitioner claims that the BOP violated his due process rights by sanctioning him for possession of Uniform Commercial Code ("UCC") materials, and alleges that this sanctioning affects his transfer to a lower custody prison. Petitioner further states that his due process rights were violated because

he already resolved Incident Report ("IR") No. 2843344 in court. (This IR charged Petitioner with violating Code 305, Possession of Anything Not Authorized (Doc. 42 Ex. A ¶ 21)). Finally, in Ground Three, Petitioner claims that the BOP unconstitutionally violated his due process rights under the First Amendment when they intercepted an email from his father with Senator John McCain's address, denying him access to public officials and the courts. Petitioner further states that BOP staff denied him access to pens and legal magazines, and that as a result, his appeal was dismissed by the Fourth Circuit for failure to prosecute. In each ground for relief, Petitioner also alleges that BOP staff are impeding his access to the courts by refusing to process his administrative remedies.

On August 23, 2016, the District Court ordered Respondent to answer Grounds One and Two of the Petition "because, arguably, Petitioner could be challenging the execution of his sentence." (Doc. 33 at 3). The District Court noted that "[i]n Ground Three, Petitioner does not challenge the legality of his sentence or confinement . . . or seek speedier release from custody." *Id.* at 4. The District Court concluded that Petitioner's claims regarding interception of email and access to legal materials are properly brought in a *Bivens* civil rights complaint and not a § 2241 petition. *Id.*

As discussed below, the undersigned concludes that this Court lacks jurisdiction over Petitioner's remaining claims made in his § 2241 petition.

## II. DISCUSSION

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, a proper characterization of the petition is necessary to a determination of

jurisdiction. *Id.*

The Ninth Circuit has made clear that jurisdiction over a petition filed pursuant to 28 U.S.C. § 2241 exists in a federal prison setting in three circumstances: (1) when a prisoner "claims that he has been denied good time credits without due process"; (2) when a prisoner claims "that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process"; and (3) when a prisoner "seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.3d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Thus, a prisoner may only utilize a § 2241 petition when he is challenging the fact or duration of his custody with the traditional remedy being immediate or sooner release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Petitioner has not raised claims challenging the fact or duration of his confinement. Accordingly, the Petition should be dismissed for lack of jurisdiction.

In Ground One, Petitioner alleges that the BOP placed a second management variable on him without reason. In *Moody v. Daggett*, the Supreme Court noted in dicta that prisoner classification and eligibility for rehabilitative programs in the federal system are matters delegated by Congress to the "full discretion" of federal prison officials. 429 U.S. 78, 88 n.9 (1976). Inmates do not have "legitimate statutory or constitutional entitlement sufficient to invoke due process" regarding their classification. *Id.* Thus, "a prisoner has no constitutional right to a particular classification status," *Hernandez v. Johnston*, 833 F.3d 1316, 1318 (9th Cir. 1987), and prisoners have "no right to be at any particular prison" *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991). Here, the assignment of a management variable to Petitioner's custody classification does not create a liberty interest entitling Petitioner to procedural protections of due process. Thus, because Petitioner has no constitutional right to a particular classification status, and because Petitioner's challenge to his custody classification does not affect the duration of his confinement, Count One should be dismissed for lack of jurisdiction. *See Davidson v.*

*McClintock*, No. CV-13-0530-TUC-DTF, 2014 WL 2921900, at *1 (D. Ariz. June 27, 2014) ("Claims which pertain to prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition.") (citing *Estrada v. Chavez*, CV 08–1358–PHXNVWLOA, 2009 WL 1383328 at *5 (D. Ariz. May 15, 2009) (holding a prisoner's challenge to changes in the P.S. 5100.08 scorecard did not affect the execution of his sentence and, therefore, the court lacked habeas jurisdiction over these claims under § 2241); *Franklin v. Gipson*, CV 12–7411–R PLA, 2013 WL 1339545 at *2 (C.D. Cal. Feb. 19, 2013) (a challenge to classification status lacked habeas jurisdiction because the prisoner "would not be released from confinement or even be provided with a lesser term of confinement; rather, at most, he would receive a different or lower classification score"); *Lerma v. Gutierrez*, CV 11–07996–PSG VBK, 2012 WL 1320145 (C.D. Cal. Mar. 7, 2012) (finding that the court lacked habeas jurisdiction even if the classification designation impacted the prisoner's housing determination); *Levi v. Ebbert*, CIV 1:CV09–0193, 2009 WL 2169171 at *5–7 (M.D. Pa. July 20, 2009), *aff'd*, 353 F. App'x 681 (3d Cir. 2009)).

In Ground Two, Petitioner asks the Court to vacate and reverse IR No. 2843344 as a violation of his due process rights because he has already resolved the issue of whether he is entitled to possess UCC materials in a court of law. (Doc. 34 at 9). Petitioner further asserts that he was sanctioned for possession of UCC materials and that the sanction affects his ability to be transferred to a lower level facility. To the extent that Petitioner appears to claim that another court took judicial notice of his right to possess UCC materials, that assertion has no bearing on the present matter. First, that court's order does not appear to affirm Petitioner's right to possession of UCC materials while incarcerated; rather, it appears that the court simply took judicial notice of the fact that Petitioner filed a document with the court asserting that the UCC is commercial law and constitutes legal materials/documents.[1] Second, even if that court did order that Petitioner

---

[1] *See* Doc. 39 at 23 (copy of order from the Eastern District of Virginia stating that "Strouse's 'Motion to Petition this Court to Take Judicial Notice' (EFC No. 26) will be granted."). That same order granted the respondent's motion for summary judgment and

has a right to possession of UCC materials, which from the face of the order, it did not, the order from the Eastern District of Virginia is not binding on this Court. Finally, and most importantly, Petitioner's claim regarding access to UCC materials is not proper under § 2241. "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241[,]" *Hernandez*, 204 F.3d at 864, whereas challenges to conditions of confinement must be brought through a civil rights action, *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). As such, "[a] civil rights action is the 'proper remedy' for a prisoner 'who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Herrera v. Sanders*, 2012 WL 424378, *1 (C.D. Cal.) (quoting *Preiser*, 411 U.S. at 500). As such, to the extent Petitioner is challenging BOP's policy barring inmates from possessing UCC materials, his proper remedy is through a § 1983 civil rights action. Regarding the BOP IR, Petitioner was sanctioned with the loss of 30 days commissary privileges. This sanction did not affect the duration of Petitioner's custody. Accordingly, Petitioner's claims in Ground Two must fail for lack of jurisdiction.

In sum, Petitioner has not raised claims challenging the fact or duration of his confinement; rather, he challenges his custody classification and the IR he received for possession of UCC materials, which resulted in the loss of commissary privileges. The custody classification affects only the type of facility that Petitioner should be housed in, and not the length of his confinement. The same is true for the IR—Petitioner was not sanctioned with loss of good-time credits, but with the loss of commissary privileges. Thus, Petitioner has neither raised claims implicating his due process or other constitutional rights, nor has he demonstrated that he has been subjected to greater restriction of his liberty, such as disciplinary segregation. He also does not claim that the duration of his sentence has been affected through the loss of good time credits. The Ninth Circuit has held that "habeas jurisdiction is absent . . . where a successful challenge

---

dismissed Petitioner's case. *Id.* Petitioner also includes a copy of the motion for judicial notice, where he states that the UCC is commercial law and therefore legal materials/documents. (Doc. 39 at 25–27).

to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003); *see also Nettles*, 788 F.3d at 998–1006 (holding that a state prisoner may seek relief under § 2241 only if success on the claim would necessarily result in speedier release from custody). Therefore, even if Petitioner's allegations about his custody classification and the IR were true, there would be no impact on the fact or duration of his incarceration. Accordingly, this Court recommends that the District Court dismiss the instant § 2241 petition for lack of jurisdiction.[2]

### III.      RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) **AMENDING** the case caption in this matter to terminate "Joe Santana" and "John Doe" as respondents; and

(2) **DISMISSING** the Petition (Doc. 34) under 28 U.S.C. § 2241 for lack of jurisdiction; and

(3) **DENYING** Petitioner's Petition for Leave to Order Bureau of Prisons to File and Process Administrative Remedies (Doc. 39) as moot; and

(4) **DENYING** Petitioner's Petition to Expedite for a Summary of Judgment (Doc. 44) as moot.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-16-237-TUC-RCC.**

Failure to file timely objections to any factual or legal determination of the

---

[2] Because the undersigned concludes that the Court lacks jurisdiction over this § 2241 petition, the undersigned does not reach the issue of exhaustion.

Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 19th day of May, 2017.

Eric J. Markovich
United States Magistrate Judge