# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Brandon Strouse,<br><br>        Petitioner,<br><br>v.<br><br>J.T. Shartle,<br><br>        Respondent. | No. CV-16-00237-TUC-RCC<br><br>**ORDER** |

    Pending before the Court is the pro se petition for Writ of Habeas Corpus (Doc. 34) filed pursuant to 28 U.S.C. § 2241 by James Brandon Strouse, ("Petitioner"), Petitioner's Petition for Leave to Order Bureau of Prisons to File and Process Administrative Remedies (Doc. 39), Petitioner's Petition to Expedite Summary Judgement (Doc. 44) and Magistrate Judge Eric J. Markovich's May 19, 2017 Report and Recommendation ("R&R") addressing all of the above (Doc. 47). Neither Petitioner nor Respondent (correctly noted in the above listed caption as J.T. Shartle) filed objections to the R&R.

    The Court accepts and adopts Magistrate Judge Markovich's R & R (Doc. 47) as the findings of fact and conclusions of law of this Court.

…

## I.   Background

    The factual and procedural background of this matter are thoroughly detailed in the R&R. The Court fully incorporates by reference this section of the R&R.

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Thereunder the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). The Court will not disturb a magistrate judge's recommendation unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A).

Here, the parties have not objected to the R & R, which relieves the Court of its obligation to review either the factual findings or legal conclusions de novo. See *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

After a thorough review of the record, this Court considers the R & R to be thorough and well-reasoned. The Court will adopt Magistrate Judge Markovich's R&R. Accordingly,

**IT IS ORDERED:**

1. Magistrate Judge Markovich's R&R (**Doc. 47**) is **ACCEPTED** and **ADOPTED**

as the findings of fact and conclusions of law by this Court;

2. The case caption in this matter is **AMENDED** as shown above, terminating "Joe Santana" and "John Doe" as respondents and reflecting that J.T. Shartle is the only Respondent;

3. **DISMISSING** the Petition (**Doc. 34**) for lack of jurisdiction;

4. **DENYING AS MOOT** Petitioner's Petition for Leave to Order Bureau of Prisons to File and Process Administrative Remedies (**Doc. 39**); and

5. **DENYING AS MOOT** Petitioner's Petition to Expedite Summary Judgement (**Doc. 44**).

6. The Clerk of the Court shall close the file in this matter.

Dated this 26th day of June, 2017.

_____
Honorable Raner C. Collins
Chief United States District Judge